IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ANTHONY PERAICA,                    )
                                    )
            Plaintiff,              )
                                    )
    v.                              )    No.  10 C 7040
                                    )
VILLAGE OF McCOOK, et al.,          )
                                    )
            Defendants.             )

MEMORANDUM ORDER

In response to this Court's January 18, 2012 oral ruling

that struck without prejudice all affirmative defenses ("ADs")

that had been advanced by Village of Stickney's Deputy Chief of

Police Frank Figueroa, its Police Officer Lochridge and its

Auxiliary Police Officer Kernell (collectively "Stickney

Defendants"), Stickney Defendants have now tendered a set of

amended ADs to the First Amended Complaint ("FAC") brought

against them and other defendants by Anthony Peraica ("Peraica").

This memorandum order is issued sua sponte because of a question

raised by the first of those ADs.

AD 1 invokes, as to all of Peraica's state law claims, the

portion of the Illinois Governmental and Governmental Employees'

Tort Immunity Act that specifies a one-year limitations period.

According to AD 1 ¶2:

    Officer Lochridge and Auxiliary Officer Kernell's only
    contact with the subject vehicle from which Plaintiff
    was later arrested by another police agency in this
    case occurred on October 30, 2010.  Further, the only
    communication that Officer Lochridge had with the
    McCook police about the subject vehicle took place on

October 30, 2010. Finally, the McCook Defendants
traffic stop of the subject vehicle took place on
October 30, 2010.

Because the FAC that first named Stickney Defendants as targets

in this action was not filed until October 31, 2011, those

defendants contend that all state law claims against them are

barred by limitations.

That position, however, seems to be at odds with FAC ¶57,

which contains the first reference to Stickney Defendants and

charges that they "wrote false reports and false police reports

and fabricated information in an effort to cover up the false

arrest of Plaintiff" after he had been arrested and held in

custody by Village of McCook Police Department personnel on the

October 30 date. There is no identification of when those

asserted events took place, so that at a minimum the matter is

rendered ambiguous by the omission of a date or dates from FAC

¶57.

If the charged conduct by Stickney Defendants was indeed

confined to the October 30 date, their counsel should move for

dismissal of the state law charges against them. If such is not

the case, it would appear that AD 1 may be a candidate for

rejection. This Court will await further input from the

litigants.

_____
Milton I. Shadur
Senior United States District Judge

Date: February 24, 2012

2