IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTHONY PERAICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 10 C 7040 |
| | ) |
| VILLAGE OF McCOOK, et al., | ) |
| | ) |
| Defendants. | ) |

<u>MEMORANDUM ORDER</u>

In response to this Court's January 18, 2012 oral ruling that struck without prejudice all affirmative defenses ("ADs") that had been advanced by Village of Stickney's Deputy Chief of Police Frank Figueroa, its Police Officer Lochridge and its Auxiliary Police Officer Kernell (collectively "Stickney Defendants"), Stickney Defendants have now tendered a set of amended ADs to the First Amended Complaint ("FAC") brought against them and other defendants by Anthony Peraica ("Peraica"). This memorandum order is issued sua sponte because of a question raised by the first of those ADs.

AD 1 invokes, as to all of Peraica's state law claims, the portion of the Illinois Governmental and Governmental Employees' Tort Immunity Act that specifies a one-year limitations period. According to AD 1 ¶2:

> Officer Lochridge and Auxiliary Officer Kernell's only contact with the subject vehicle from which Plaintiff was later arrested by another police agency in this case occurred on October 30, 2010. Further, the only communication that Officer Lochridge had with the McCook police about the subject vehicle took place on

> October 30, 2010. Finally, the McCook Defendants
> traffic stop of the subject vehicle took place on
> October 30, 2010.

Because the FAC that first named Stickney Defendants as targets in this action was not filed until October 31, 2011, those defendants contend that all state law claims against them are barred by limitations.

That position, however, seems to be at odds with FAC ¶57, which contains the first reference to Stickney Defendants and charges that they "wrote false reports and false police reports and fabricated information in an effort to cover up the false arrest of Plaintiff" after he had been arrested and held in custody by Village of McCook Police Department personnel on the October 30 date. There is no identification of when those asserted events took place, so that at a minimum the matter is rendered ambiguous by the omission of a date or dates from FAC ¶57.

If the charged conduct by Stickney Defendants was indeed confined to the October 30 date, their counsel should move for dismissal of the state law charges against them. If such is not the case, it would appear that AD 1 may be a candidate for rejection. This Court will await further input from the litigants.

_____
Milton I. Shadur
Senior United States District Judge

Date: February 24, 2012